482 P.2d 465

**Willie Ray MAYFIELD, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Phelps Dodge Corporation, Respondent Employer.**

· No. I CA–IC 509.

Court of Appeals of Arizona,
Division 1,
Department A.
March 15, 1971.

Anderson, Welker & Flake, by Dudley S. Welker, Safford, for petitioner.

William C. Wahl, Jr., Counsel, Donald L. Cross, Former Chief Counsel, Phoenix, The Industrial Commission of Arizona, for respondent.

Evans, Kitchel & Jenckes, by John O. Theobald, II, Phoenix, for respondent employer.

STEVENS, Presiding Judge.

The above-named petitioner was severely injured on 5 January 1959 while in the scope of his employment with the above-named respondent employer. The petitioner was then 54 years of age. The accident occurred during his employment as a second engineer in the employer's power house. While so engaged a turbine blew up and showered the petitioner with shrapnel-like pieces of metal. The employer is a self-rater.

On 7 November 1961 an award was entered finding a scheduled injury, being a 25% disability of the petitioner's right, major, arm.

The claim was reopened and closed in 1963.

The matter now before us was initiated by a 7 January 1967 petition to reopen. There followed extensive medical examinations, surgery, hospitalization and rehospitalization. The petitioner again returned to his employment briefly and found that he could not carry on due to pain, headaches, and some limitations in the use of his right arm. His time in service with his employer entitled him to early retirement and he elected to retire prior to his 65th birthday.

In the entire history of this injury there was but one formal hearing. This was held in two stages. The first portion of the formal hearing was held on 19 September 1969 and the second portion was held on 29 January 1970. Lay and medical witnesses testified. The crucial issue was whether the petitioner's disability was causally related to the injury. There is no contention that the employer in any way limited or attempted to limit the petitioner's medical and surgical care. The record reflects the complete cooperation of the employer in the petitioner's care.

The final award was entered on 11 June 1970. The award found that the petitioner sustained an unscheduled disability as the result of the 1959 injury and that he "has sustained no loss of earning capacity as a result of the industrial injury of January 5, 1959."

We can best summarize this case by quoting from the comments of Commissioner John L. Ahearn, comments made by him in longhand in relation to the Commission's review of the file prior to the entry of the final award. His remarks are as follows:

"Most difficult case. There is evidence of a compression fracture, considerable pain in cervical area and possible aggravation of a pre existing arthritic condition. However, I agree with finding and award recommended based upon failure of claimant to establish causation by a preponderance of medical evidence."

We agree with Commissioner Ahearn's analysis of the case.

The award is affirmed.

CASE and DONOFRIO, JJ., concur.